(83 Misc. Rep. 116.)

### BLUM et al. v. JURICK.

(Supreme Court, Appellate Term, First Department. December 15, 1913.)

1. PAYMENT (§ 60*)—SUFFICIENCY OF ALLEGATIONS.

The answer in an action on an account stated and for money loaned alleged that "defendant delivered to the plaintiffs, and the plaintiffs received from him for and on account of said debt," defendant's notes payable to plaintiffs, or order, which "were partly to cover the alleged debts and partly for goods or cash advancement which plaintiffs might buy or make," and that thereafter "plaintiffs had said notes cashed with the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

correspondent of defendant and procured the face value for them, thus reimbursing themselves and having the alleged indebtedness paid in full." *Held*, that the answer did not sufficiently allege payment of the debt sued for.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 144–148; Dec. Dig. § 60.*]

2. PAYMENT (§ 17*)—SUFFICIENCY.

A showing that notes given by defendant to plaintiff were "discounted" by plaintiff with a bank, which "happened to be" defendant's correspondent, would not show payment thereby of a debt due from defendant to plaintiff.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 70–77; Dec. Dig. § 17.*]

Guy, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Harris Blum and others, doing business as Harris Blum & Sons, against Louis Jurick. From an order denying plaintiffs' motion for judgment on the pleadings, plaintiffs appeal. Reversed, and motion granted.

Argued December term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Burnstine & Geist, of New York City, for appellants.

Sol Friedland, of New York City, for respondent.

BIJUR, J. The complaint sets out two causes of action; one on account stated and one for moneys loaned. The answer contains no denials, but an affirmative defense alleging "that defendant delivered to the plaintiffs, and the plaintiffs received from him for and on account of said debt," defendant's promissory notes, payable to plaintiffs, or order, which notes "were partly to cover the alleged debts and partly for goods or cash advancement which plaintiffs might buy or make in New York, * * * and that thereafter plaintiffs had said notes cashed with the correspondent of defendant * * * and procured the face value for them, thus reimbursing themselves and having the alleged indebtedness paid in full." The answer then sets up a counterclaim for the balance of the face value of said notes over the amount of such indebtedness.

[1] It seems to me to be evident that defendant has sought by these allegations to convey the impression that he claims that the debt was paid in some way by the defendant, but without alleging that fact. He does not say that the notes were given or received in payment of the debt, but tries to convey that impression by saying that they were given and received "for and on account of said debts." Whatever inference might, however, be drawn from this phraseology, to the effect that the notes were accepted in payment of the debt, is dispelled by the further pleading:

"That plaintiffs cashed the notes with the correspondent of defendant, *thus* reimbursing themselves and having the alleged indebtedness *paid* in full."

Having in this way negatived the notion first sought to be conveyed, that the notes were received in payment, defendant endeavors to in-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

timate that the debts were really paid in this cash which the plaintiffs received from the notes. But defendant is careful to avoid pleading that this cash was received *from the defendant,* alleging only that it was received from the "correspondent" of defendant, which, of course, is quite meaningless so far as any legal effect is concerned.

Defendant's counsel interpreted this pleading to mean that the notes were *discounted* by the plaintiffs with a bank which *happened to be* the correspondent of the defendant.

[2] If, therefore, this answer and counterclaim be taken at its face value, it is meaningless, and judgment should be granted thereon in favor of plaintiffs. If, disregarding the form, we deal with the substance, and treat the pleading as meaning what defendant's counsel claims it means, it sets up no defense of payment. From either point of view it is insufficient.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs, with leave to defendant to plead over within six days, upon payment of costs in this court and in the court below.

SEABURY, J., concurs. GUY, J., dissents.